## Holbrook v. Commonwealth.

(Decided June 17, 1930.)

T. J. ARNETT and A. F. BYRD for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

At his trial in the Magoffin circuit court under an indictment charging him with maliciously shooting at said Minix with the intention of killing him, the appellant, Jim Holbrook, was convicted and punished by confinement in the state penitentiary for a period of one

year. In his motion for a new trial, which was overruled, a number of grounds were set out as alleged errors authorizing a reversal of the judgment, but all of them are abandoned in this court and not referred to in appellant's brief, except the one claiming that the verdict was flagrantly against the evidence. A reading of the record, however, clearly discloses no meritorious ground for this appeal, and the only imaginable purpose in prosecuting it was, as appears to us, to obtain the delay necessary for the final determination of the appeal in this court, and during which time appellant was at liberty on bond taken by the court below pursuant to the provisions of section 75 of the Criminal Code of Practice.

The shooting with which appellant is charged occurred upon or near the grounds of a country schoolhouse in Magoffin county some time in September, 1923. Appellant forfeited two bonds, and was finally brought to trial in January, 1929. The intended victim of the shooting, with which the indictment charges appellant, was a one-legged man and used a crutch and a cane. Many years before the occasion here involved he killed the father of appellant, but he was acquitted at his trial upon the ground that he did so in the exercise of his right of self-defense. From that time on a coolness, if not a bitterness, existed between that immediate Holbrook family and Minix, including appellant, whose father was so killed by Minix, and the commonwealth proved some threats against the life of Minix made by appellant on more than one occasion shortly before the involved shooting.

On the day before the shooting occurred, there was some kind of a meeting at a country graveyard in the same neighborhood, and both Minix and appellant were there. Just as Minix approached the crowd, which it appears assembled in the graveyard, appellant addressed him at some distance and stated to him, in substance, that none of the Holbrooks wanted him around there and commanded him to depart, which appellant himself admitted on his trial and stated that Minix then and there departed. The commonwealth proved by Minix and other witnesses that appellant then threatened to kill him. On the next day the memorial meeting was held at the schoolhouse, and Minix, Basil Fletcher, and Menifee Williams, who were eyewitnesses to the shooting testified, in substance, that appellant threatened on that day to kill Minix and the latter, just before the meeting was

over, with Fletcher and Williams, started walking down a path leading to the road, with Williams leading the mule of Minix, and in the mouth of the path they came upon appellant sitting on his horse, he residing in Breathitt County from which place he had come to the memorial meeting. He had a pistol in his hand and when he saw Minix he cursed him and called him a G—— d—— s—— of a b—— and charged him with having killed his father, and said, "By G—— I am now going to kill you," and immediately fired two shots; whereupon Minix drew his pistol and snapped it several times, but it never fired. In the meantime appellant emptied his pistol having shot five or six times, and then ran away on his horse. Two of the shots took effect in some of the clothing of Minix, but his body was not touched. The only eyewitness who testified to the contrary was defendant himself, and he said that Minix first attempted to and did draw his pistol, whereupon appellant emptied his pistol at Minix, and which he says and claims was in his necessary self-defense. The only other testimony he introduced was that incorporated in his affidavit for a continuance to the effect that two named absent witnesses would testify that they had heard Minix make threats against him.

We again repeat that, in view of the testimony as so outlined, it is difficult for us to grasp the argument of counsel that the verdict is not sustained by the evidence and is flagrantly against it. On the contrary, our narration of it, which is the substance of it as it appears in the transcript, conclusively demonstrates that the verdict was supported by a preponderance of the evidence. There can be no doubt but that appellant entertained malice towards Minix because of the latter having killed his father, and the fact that he on the day prior to the killing, at the country graveyard invited Minix to leave the ground, was a potent circumstance bearing on his attitude of mind towards Minix and his hostile feelings against him. Instead of continuing his journey home after getting on his horse on the day of the shooting, he stopped in or at the mouth of the path where the shooting later occurred, when Minix came along, and the testimony of the eyewitnesses to the transaction, all of whom were disinterested, with the possible exception of Minix, greatly preponderates as to what occurred at the time. The argument, therefore, that the verdict is fla-

grantly against the evidence, is at variance with the testimony heard upon the trial, and is absolutely unfounded. None of the other alleged errors contained in the motion for a new trial are insisted on in this court, but, if it were otherwise, we have examined them and found that, if possible, they are weaker than the one hereinbefore discussed.

Wherefore the judgment is affirmed.